# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                    )
DAVID BROWN,                        )
            Plaintiff,              )
                                    )
v.                                  )
                                    )    Civil Action No.
TOWN OF DRACUT and                  )
WILLIAM BAILEY, in his              )
individual capacity,                )
            Defendants.             )
_____)

## COMPLAINT

## INTRODUCTION

1.  Plaintiff David Brown brings this civil rights action against Dracut police officer William Bailey and the Town of Dracut for injuries he suffered after Defendant Bailey falsely arrested him and fractured his elbow when there was no reason to use force on him. Plaintiff's injury was caused by the Town's failure to take action before this incident to properly supervise and discipline its police officers in general and Defendant Bailey in particular.

2.  On September 8, 2008, Mr. Brown was a 54 year old model citizen with no criminal record. On that date, Defendant Bailey entered Mr. Brown's home to serve him with a copy of an abuse prevention order. He forcefully removed Mr. Brown from his home, pushed him towards his parked car and told him, "just fucking get in your car and get out of here." When Mr. Brown said he needed his driver's license, Defendant Bailey claimed that Mr. Brown violated the order with which he was just served by not leaving and told him that he was under arrest. Defendant Bailey yanked Mr. Brown out of the car and threw him to the ground with such force that it fractured Mr. Brown's elbow.

1

**JURISDICTION**

3.  This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367 to hear and decide claims arising under M.G.L. c.12, §11 and Massachusetts tort law.

**PARTIES**

4.  Plaintiff David Brown was at all times material to this complaint a resident of the Commonwealth of Massachusetts.

5.  Defendant Town of Dracut is a Massachusetts municipal corporation located in Middlesex County and was at all times material to this complaint the employer of Defendant William Bailey.

6.  Defendant William Bailey was at all times material to this complaint a police officer in the Town of Dracut. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the Town of Dracut. He is sued in his individual capacity.

**FACTS**

7.  On September 8, 2008 at approximately 2:00 p.m., Mr. David Brown was taking a nap in his bedroom on the second floor of his home.

8.  Mr. Brown was awakened by a male voice calling his name. As he turned his head towards the bedroom door, two officers of the Dracut Police Department entered the room.

9.  Dazed and confused, Mr. Brown asked who they were and why they were in his home.

10. Defendant William Bailey replied, "We're the fucking Po Po. Why didn't you answer the fucking door?"

11. Defendant Bailey then demanded to know if Mr. Brown had any weapons on him. When Mr. Brown told him he did not, Defendant Bailey grabbed Mr. Brown by the left wrist, bent it behind the back and applied pressure down on Mr. Brown. Mr. Brown told the officer that his actions were hurting him and questioned why all this was necessary. Defendant Bailey told Mr. Brown to "shut the fuck up."

12. Defendant Bailey then pat-frisked Mr. Brown and, upon discovering a small pocket knife, yelled, "Do you have any other fucking weapons you want to lie about?"

13. Defendant Bailey forced Mr. Brown out of bed, pushed him up against a wall and handcuffed him. He then placed Mr. Brown in an escort position and pushed him out of the bedroom and down the stairs.

14. As he was being pushed down the stairs, Mr. Brown asked several times, "Why is this happening?" and stated, "This is wrong." Defendant Bailey told him to "shut the fuck up" and kept pushing Mr. Brown down the stairs.

15. Finally, after Mr. Brown asked again why this was happening, Defendant Bailey told Mr. Brown that Mr. Brown's wife took out a restraining order against him and that he needed to leave the house.

16. Mr. Brown asked whether he could gather some belongings.

17. Defendant Bailey told him he could not.

18. Mr. Brown asked for his wallet and car key.

19. Officer Richard Byron located the car key in the kitchen.

20. Defendant Bailey pushed Mr. Brown out of the house. Once outside, he took off the handcuffs and shoved Mr. Brown towards Mr. Brown's car which was parked in the driveway.

21. Defendant Bailey told Officer Byron to give Mr. Brown the car key. Mr. Brown told Defendant Bailey that he did not have his driver's license because it was in his wallet.

22. Defendant Bailey told Mr. Brown to, "just fucking get in your car and get out of here now! Do you fucking understand me? If you don't leave now, I'm going to fucking arrest you!"

23. Afraid of being arrested, Mr. Brown said "Okay," and got into the car.

24. Once behind the wheel, Mr. Brown was now afraid of being arrested for driving without a license. He opened the car door to look at the officer and told him, "I need my license. I can't drive without my license."

25. Defendant Bailey became enraged. He rushed at Mr. Brown, opened the car door and grabbed Mr. Brown by the left arm. He yanked Mr. Brown out of the car and threw him to the ground causing Mr. Brown to land sideways on his left elbow on the driveway pavement.

26. Mr. Brown screamed out in pain. Officer Byron heard the scream, came over and asked what was going on. Defendant Bailey falsely claimed that Mr. Brown had assaulted him and resisted arrest.

27. Despite the obvious injury to Mr. Brown's elbow, Defendant Bailey forcibly grabbed Mr. Brown's hands behind his back and tightly applied the handcuffs. The handcuffs were on so tight that, at the police station, Officer Byron could not get them off. Another officer assisted and finally was able to remove the handcuffs.

28. Defendant Bailey had no justification for using any force on Mr. Brown. Even if he had a reason to touch Mr. Brown, the force he used was unreasonable and excessive.

29. At the Dracut police station, Mr. Brown was booked, photographed and fingerprinted.

30. After the booking, Mr. Brown was placed in a cell. He was held for eighteen hours before he was brought to court for arraignment.

31. Defendant Bailey pursued the baseless charges knowing them to be false. Finally, on April 7, 2009, the Commonwealth entered a nolle prosequi on grounds that "the state of the evidence does not support the charges."

4

32. Policymaking officials in the Dracut police department knew that Defendant Bailey was not suited for police work. Prior to the incident involving the Plaintiff, they knew of other incidents where he had engaged in unprofessional, confrontational behavior, as well as several other instances of improper conduct.

33. Policymaking officials in the Dracut police department were aware of Defendant Bailey's temper. Instead of taking appropriate remedial action to prevent abuse of civilians by Defendant Bailey, the Town chose to wait until he seriously injured someone.

34. The failure of Defendant Town of Dracut to properly discipline and supervise Defendant Bailey and other Dracut police officers was the moving force that led Defendant Bailey to violate Plaintiff's constitutional rights on September 8, 2008.

35. As a result of the incident, Plaintiff suffered a fracture of his left elbow which caused excruciating pain and loss of function of the elbow. He still has an elbow that will always ache, and he is likely to develop arthritis in the elbow at an earlier age, bringing on additional pain and stiffness.

36. In addition to the physical injuries, Plaintiff suffered mental anguish.

**COUNT I:    42 U.S.C. § 1983, Fourth Amendment Against Defendant Bailey**

37. The above paragraphs are incorporated by reference.

38. Defendant Bailey arrested Plaintiff without probable cause to believe that he had committed an offense.

39. Defendant Bailey had no reason to use force against Plaintiff.

40. Defendant Bailey used unreasonable force against Plaintiff.

41. Defendant Bailey deprived Plaintiff of his clearly established and well-settled rights under the Fourth and Fourteenth Amendments to the Constitution, to be free from unreasonable force, and to be free from unreasonable seizures of his person.

42. Defendant Bailey acted with knowing or reckless disregard of Plaintiff's constitutional rights.

43. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the injuries described above.

**COUNT II:**    **Massachusetts Civil Rights Act, M.G.L. c.11, §12 Against Defendant Bailey**

44. The above paragraphs are incorporated by reference.

45. Defendant Bailey violated Plaintiff's rights by threats, intimidation, and coercion.

46. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages as described above.

**COUNT III:**    **Claim under Massachusetts Law for False Imprisonment Against Defendant Bailey**

47. The above paragraphs are incorporated by reference.

48. Defendant Bailey committed the common law tort of false imprisonment by causing the arrest and imprisonment of Plaintiff without probable cause.

49. As a direct and proximate result the plaintiff received the injuries as described above.

**COUNT IV:**    **Claim under Massachusetts Law for Tort of Assault and Battery Against Defendant Bailey**

50. The above paragraphs are incorporated by reference.

51. Defendant Bailey committed the tort of assault and battery on the plaintiff.

52. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages as described above.

**COUNT V:**    **Claim under Massachusetts Law for Malicious Prosecution Against Defendant Bailey**

53. The above paragraphs are incorporated by reference.

54. Defendant Bailey maliciously initiated criminal proceedings against Mr. Brown despite

an absence of probable cause.

55. The Commonwealth entered a nolled prosequi of the criminal charges brought against Mr. Brown on grounds that "the state of the evidence does not support the charges."

56. As a direct and proximate result of Officer Bailey's conduct, Mr. Brown suffered damages associated with mounting a defense against baseless charges, including mental suffering during the year the charges were pending against him.

**COUNT VI:   42 U.S.C. § 1983 *Monell* Claim Against the Town of Dracut**

57. The above paragraphs are incorporated by reference.

58. Before the incident between Plaintiff and Defendant Bailey, the Town of Dracut had shown deliberate indifference to misconduct by its police officers, particularly Defendant Bailey.

59. The Town had a policy or custom of failing to properly supervise and discipline its officers.

60. These policies and customs were the moving force behind the actions of Defendant Bailey resulting in the injury to Plaintiff.

61. As a proximate cause of the actions and omissions of the Town of Dracut, Plaintiff suffered damages as described above.

**WHEREFORE**, the plaintiff requests that this court:

1.  Award compensatory damages;

2.  Award punitive damages against Defendant Bailey;

3.  Award the costs of this action, including reasonable attorney's fees; and

4.  Award such other and further relief as this Court may deem necessary and appropriate.

**JURY DEMAND**

A jury trial is hereby demanded.

7

Respectfully submitted,
DAVID BROWN,
By his attorney,


 /s/ Myong J. Joun
Myong J. Joun
BBO No. 645099
Joun Law Office
420 Harvard Street
Brookline, MA 02446
Tel.: (617) 304-6186
Fax: (866) 551-4983
Email: mjoun@massrights.com

Dated: January 8, 2010